## NATIONAL BISCUIT CO. v. BLOCK.

(Court of Civil Appeals of Texas. El Paso. Feb. 19, 1914. Rehearing Denied March 12, 1914.)

WITNESSES (§ 379*) — CROSS-EXAMINATION — MAPS.

Where, in a suit involving a disputed boundary line, defendant proved on the cross-examination of a surveyor that certain maps drawn by him indicated the dividing line between the properties in controversy to be a straight line without set-off at plaintiff's southeast corner, as he contended, other maps, signed by the witness, and showing on their face that they were surveys of the block in question, and showing the set-off, were admissible for the purpose of impeachment, though it appeared that they were made from field notes furnished by others in the witness' employ.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 1209, 1220–1222, 1247–1256; Dec. Dig. § 379.*]

Appeal from District Court, Harris County; Norman G. Kittrell, Judge.

Action by M. Block against the National Biscuit Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Baker, Botts, Parker & Garwood, C. L. Carter, and Walter H. Walne, all of Houston, for appellant. Campbell, Sonfield, Sewall & Myer, of Houston, for appellee.

HIGGINS, J. This is a boundary suit brought by Block against appellant to recover a strip of ground in block 113 on south side of Buffalo Bayou in city of Houston, fronting 3.7 feet on Magnolia street and extending back between parallel lines a distance of 63.7 feet. Upon trial before a jury verdict was returned in Block's favor, and judgment thereon rendered for a strip 2.2 feet wide, fronting on Magnolia street and running back between parallel lines the distance aforesaid.

Under the first assignment it is contended that the verdict of the jury is clearly against the great weight and preponderance of the evidence to such an extent as to require reversal at the hands of this court. We cannot concur in this view, and with due deference to the able and distinguished counsel representing appellant it occurs to this court that the verdict is in accord with the decided weight of the evidence. A discussion thereof in detail will serve no useful purpose, and attention will be directed only to the salient features.

It is admitted that the old fence between the properties of the parties stood upon their dividing line, and finding the true location of the line is dependent upon locating the old fence. This fence extended through the block from north to south. According to the contention of appellant, it had an offset at the southeast corner of Block's property, and according to Block it ran in a straight line through the block.

A number of witnesses testified that it was a straight line of fence, without offset. Peter Junk testified to measurements made by him before and after the destruction of the fence and after the erection of appellant's improvements. According to his testimony appellant had encroached over the line where the fence was originally located. The location of the fence with reference to a telephone post in Magnolia street is shown by the testimony of several witnesses, and as so located their testimony likewise establishes an encroachment.

Miss Bertha Davis testified that the erection of appellant's improvements had narrowed the space between the improvements and a cottage on Block's land. There is other testimony in the record supporting the view that the company had encroached upon Block's land, and upon the whole we conclude, as stated above, that the clear preponderance of the evidence supports the verdict.

Error is next assigned to the admission in evidence of certain maps, which were objected to upon the ground that there was no proof of their correctness; that they were not made up from a survey on the ground by the man who compiled them, but from field notes furnished by some one other than the one who made them, and the correctness of such survey had not been proven.

These maps were offered in evidence in connection with appellee's cross-examination of defendant's witness, T. C. Tarver, Jr., formerly city engineer of Houston. It would seem from the bill that appellant, on its direct examination of Tarver, undertook to prove up the maps. He testified that he made same while city engineer from data furnished by his employés, who did the work on the ground. Appellant did not question him further respecting the maps and did not offer them in evidence. Appellee on cross-examination developed from Tarver that the maps indicated the dividing line between the properties to be a straight line, without offset at Block's southeast corner; the crucial point in the case, as heretofore stated, being whether the line was straight through the block, or had an offset at the point indicated.

Appellant had offered in evidence another map made by Tarver which showed an offset in the dividing line as contended for by it. The maps objected to were signed by Tarver, and upon their face stated that they were surveys of block 113, showing National Biscuit Company tract. It is of course true that a map purporting to reflect a survey is not admissible as independent evidence until the survey upon which it is based has been verified and proven to be correct; but in this case the witness had testified that the line had an offset, and another map made by him upon his own survey had been admitted, showing same. The maps objected to had his name thereon, purported to reflect a survey, and were admitted to have been made by him. They contradicted his testimony and his other map, and were admissible for purpose of impeachment, and as affecting the weight to be given to his testimony by the jury. Donohue v. Whitney, 133 N. Y. 178, 30 N. E. 848. He could not destroy their availability for that purpose by simply disclaiming having made the survey upon which he said they were based. Had they been offered by appellee as independent evidence supporting his theory that the line was straight, the contention of appellant that they must first have been proven to be correct would have been well taken; but since they have Tarver's signature, and were admitted to have been made by him, they were admissible for the purpose of impeachment as indicated.

Affirmed.